# JULY TERM, 1921.

### PRESENT:

HON. WILLIAM A. JOHNSTON, CHIEF JUSTICE.
HON. ROUSSEAU A. BURCH,
HON. HENRY F. MASON,
HON. SILAS W. PORTER,
HON. JUDSON S. WEST,          } JUSTICES.
HON. JOHN MARSHALL,
HON. JOHN S. DAWSON,

No. 22,923.

HOSIE E. MCFARLIN, *Appellee*, V. DONNA MCFARLIN, *Appellant.*

#### SYLLABUS BY THE COURT.

ACTION FOR DIVORCE—*Defense of Condonation Not Sustained.* In an action for divorce the defense was condonation. The evidence was such that the trial court could have found either for or against the fact of condonation. *Held,* that the finding of the trial court cannot be set aside, and that the judgment must be affirmed.

Appeal from Seward district court; CHARLES E. VANCE, judge. Opinion filed July 9, 1921. Affirmed.

*G. L. Light,* of Liberal, for the appellant.

*H. A. Gaskill,* of Liberal, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The defendant appeals from a judgment against her granting a divorce to the plaintiff on the ground that the defendant was pregnant by another man at the time she married the plaintiff. The defense was condonation.

The plaintiff and the defendant were married on February 8, 1919, and a child was born to the defendant on July 5, 1919. The defendant admitted that the child had been begotten by another man. An abstract and brief has been filed by the defendant; the plaintiff has filed neither. For want of an abstract and brief by the plaintiff the transcript of the evidence has been used.

On the question of condonation the evidence was conflicting. The defendant, after the birth of the child, which occurred at the home of the parties, was taken to a hospital and later was returned to the home, where for some weeks the plaintiff assisted in caring for the defendant and the child; the defendant was then sent to her people in Oklahoma. This action was commenced a few days thereafter. The plaintiff admitted that he forgave the defendant, but denied doing those things that would have amounted to condonation of the offense and denied that he consented to live with her again as her husband. He admitted that he loved his wife, and even after the child was born, he treated her with consideration and tenderness. The court specifically found that the offense of the defendant had not been condoned. The evidence was such that the court could have found either that there was or was not a condonation on the part of the plaintiff, and the finding would have been supported by ample evidence. The finding of the trial court cannot be set aside, and the judgment is affirmed.